UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHOICE L. CAUSEY,

    Plaintiff,

v.

CITY OF BAY CITY, et al.,

    Defendants.
_____/

Case No. 16-cv-12747

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
PATRICIA T. MORRIS

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EXPERT ECONOMIST [12]**

**I. INTRODUCTION**

On July 25, 2016, Choice Causey ("Plaintiff") filed a Complaint and Jury Demand against the City of Bay City and three of the City's employees (collectively "Defendants"). Dkt. No. 1. Plaintiff's two-count complaint alleges that Defendants violated the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. §§ 1981–83 by pressuring a private real estate company to terminate Plaintiff's lease of an event center in Bay City, Michigan. *Id.*

Presently before the Court is Defendants' Motion to Strike Plaintiff's Expert Economist. Dkt. No. 12. Defendants argue that Plaintiff's expert relied on improper facts in his findings. *Id.* at 6 (Pg. ID 75). Upon review of the pleadings, the Court finds that oral argument will not aid in the disposition of this matter.

Accordingly, the Court will decide the matter on the pleadings. *See* E.D. Mich. LR 7.1(f)(2).

For the reasons discussed herein, the Court will **DENY** Defendants' motion [12].

## II. LEGAL STANDARD

Federal Rule of Evidence 702 governs the use of expert testimony. *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 528 (6th Cir. 2008). Rule 702, as amended in 2000, reflects the Supreme Court's decisions in *Daubert v. Merrell Dow Pharm.*, Inc., 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). *Id.*

Rule 702 provides that a trial court has discretion over admission of a proposed expert's opinion, subject to three requirements. *Id.* at 528–29. First, an expert witness must be qualified by "knowledge, skill, experience, training, or education." FED. R. EVID. 702. Second, the expert's testimony must be relevant, meaning that it "will assist the trier of fact to understand the evidence or to determine a fact in issue." *Id.* Third, the expert's testimony must be reliable. *Id.* Courts determine reliability by considering whether the testimony is based upon "sufficient facts or data," whether the testimony is the "product of reliable principles and methods," and whether the expert "has applied the principles and methods reliably to the facts of the case." *Id.*

"[R]ejection of expert testimony is the exception, rather than the rule." *United States v. LaVictor*, 848 F.3d 428, 442 (6th Cir. 2017).

### III. DISCUSSION

In the present motion, Defendants do not contend that Plaintiff's Expert Economist is unqualified as an expert or that his testimony is irrelevant. Dkt. No. 12, p. 6 (Pg. ID 75). Rather, their challenge hinges on whether Plaintiff's expert used unreliable data—Plaintiff's estimated future earnings from his business plan—and necessarily produced an erroneous conclusion. *See id*. at 6–8.

Here, the expert stated in his report that his estimate of Plaintiff's baseline income was based on Plaintiff's business model of expense and revenue, which estimated net monthly income to be $56,139. Dkt. No. 15-2, p. 2 (Pg. ID 164). Plaintiff's estimated monthly revenue estimated that the event center would have two paid events per month, three leased events per month, and four Friday night events each month. Dkt. No. 15-2, p. 4 (Pg. ID 166).

The requirement that an expert's testimony be reliable means that it must be "supported by appropriate validation—i.e., 'good grounds,' based on what is known." *Daubert*, 509 U.S. at 590. The Sixth Circuit has interpreted "good grounds" to mean "a reliable foundation, as opposed to, say, unsupported speculation." *In re Scrap Metal*, 527 F.3d at 530. A determination that expert testimony is reliable does not indicate that the opinion is correct or truthful. *Id*. at

529. Rather than focusing on the accuracy of the results reached by an expert, which may be identified on cross-examination, courts review the validity of the expert's methods in reaching those results. *See id.* at 530 (citing *In Quiet Tech. DC–8, Inc. v. Hurel–Dubois UK Ltd.*, 326 F.3d 1333, 1343–44 (11th Cir. 2003), for the principle that use of incorrect data goes to the weight of the evidence, rather than admissibility).

Based on the arguments presented, Defendants' challenge goes to the accuracy of Plaintiff's expert's conclusions, rather than the reliability of the methods utilized by Plaintiff's expert. Plaintiff's expert did not "pull[] the numbers comprising his calculations out of thin air," *In re Scrap Metal*, 527 F.3d at 531, but rather relied on Plaintiff's business model. Defendants have provided no evidence or expert testimony demonstrating that business model's projections are invalid guesstimates. Should Defendants wish to argue that Plaintiff's business plan provided an inaccurate estimate for future earnings, they are welcome to subject Plaintiff's expert to cross-examination at trial and utilize rebuttal experts to counter his conclusions. *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

## IV. Conclusion

For the reasons stated herein, the Court will **DENY** Defendants' Motion to Strike Plaintiff's Expert Economist [12].

IT IS SO ORDERED.

Dated: April 24, 2017

s/Gershwin A. Drain  
Hon. Gershwin A. Drain  
United States District Court Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 24, 2017.

s/Teresa McGovern  
TERESA MCGOVERN  
Case Manager Generalist