UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHOICE CAUSEY,

    Plaintiff,

v.

CITY OF BAY CITY, ET AL.,

    Defendants.
                                    /

Case No. 16-cv-12747

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**<u>OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION [34], GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [23], AND DISMISSING THIS ACTION WITHOUT PREJUDICE</u>**

**I. INTRODUCTION**

Presently before the Court is Defendant's Motion for Reconsideration. Dkt. No. 34. On July 25, 2016, Plaintiff filed a complaint against Defendants alleging violations of Equal Protection. Dkt. No. 1. Defendants filed a Motion for Summary Judgment on August 11, 2017. This Court granted in part and denied in part Defendants' Motion on November 1, 2017. The remaining defendant, Thomas Pletzke, filed a Motion for Reconsideration on November 14, 2017. Dkt. No. 34. This Court ordered Plaintiff to file a response on January 8, 2018. Dkt. No. 35. On January 19, 2018, Plaintiff filed a response. Dkt. No. 36. For the reasons that

1

follow, the Court will grant Defendant's Motion and dismiss this action without prejudice.

## II. LEGAL STANDARD

Under this Court's Local Rules, the Court may not grant a motion for reconsideration that merely presents the same issues upon which the Court already ruled. E.D. Mich. LR 7.1(h)(3) (E.D. Mich. July 1, 2013). Additionally, the movant must demonstrate that there is a palpable defect in the opinion or order under attack and that correcting the defect will result in a different disposition of the case. *Id.*; *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Systems*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

## III. DISCUSSION

**<u>Class-of-One Retaliation</u>**

In his Motion for Reconsideration, Defendant states that the Court misinterpreted the test for the class-of-one theory. *See* Dkt. No. 34, pg. 7–8 (Pg. ID 787–88). Under the class-of-one theory, a Plaintiff must show: (1) disparate treatment from similarly situated individuals; and (2) that the government actors

had no rational basis for the difference; or (3) that the challenged government action was motivated by animus. *Paterek v. Vill. of Armada, Mich.*, 801 F.3d 630, 650 (6th Cir. 2015). This Court understood element three of the test as a distinct element that Plaintiff could prove instead of proving the first two elements. *See* Dkt. No. 30, pg. 17 (Pg. ID 772). However, element three is an alternative to proving element two, as shown through prior case law. *See EJS Props., LLC. v. City of Toledo*, 698 F.3d 845, 864–65 (6th Cir. 2012). A plaintiff must always prove element one: disparate treatment from similarly situated individuals. *See id.*; *see also Paterek*, 801 F.3d 630 at 650 (finding the class of one theory met when there were similarly situated business to the plaintiff and a dispute about animus). As this Court stated in its November 1, 2017 Opinion and Order, Plaintiff failed to show a similarly situated individual. Dkt. No. 30, pg. 17 (Pg. ID 772). Therefore, Plaintiff cannot succeed on his theory of retaliation based on a class-of-one theory.

**First Amendment Retaliation**

Plaintiff states that his motion for summary judgment response referenced the theory of a First Amendment retaliation claim. Dkt. No. 36, pg. 3–4 (Pg. ID 798–99). Plaintiff then states that there is an issue of material fact with respect to First Amendment retaliation that also supports the denial of summary judgment. *Id.*

at pg. 4 (Pg. ID 799). Therefore, this Court's decision about Plaintiff's class-of-one Equal Protection claim is not material to deciding the present Motion. *See id.*

This Court will now assess the viability of a First Amendment retaliation claim. Plaintiff's summary judgment response states, "a question of material fact exists as to whether defendants targeted plaintiff based upon his prior lawsuit which alleged constitutional violations." Dkt. No. 26, pg. 22 (Pg. ID 524). The elements of a retaliation claim under the First Amendment are: "(1) the plaintiff engaged in constitutionally protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct." *Paterek*, 801 F.3d at 645. In this case, there is enough evidence to create an issue of material fact about First Amendment retaliation. The Sixth Circuit recognizes that there is a constitutional right of access to the courts. *Flagg v. City of Detroit*, 715 F.3d 165, 173 (6th Cir. 2013). Therefore, element one is satisfied because Plaintiff alleges retaliation based on his previous lawsuit against Bay City. Elements two and three are also satisfied. This Court previously found that there was an issue of material fact about whether Pletzke's actions were motivated by animus surrounding Plaintiff's previous lawsuit. Dkt. No. 30, pg. 17–18 (Pg. ID 772–73).

4

Additionally, Defendant would not be entitled to qualified immunity under a First Amendment claim of retaliation. To establish qualified immunity, courts ask "whether the facts alleged or shown make out a violation of a constitutional right and whether the right at issue was clearly established at the time of the incident." *Id.* To be clearly established, "the case law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances." *Clemente v. Vaslo*, 679 F.3d 482, 490 (6th Cir. 2012) (quoting *Saylor v. Bd. Of Educ. Of Harlan Cty.*, 118 F.3d 507, 515 6th Cir. 1997)). However, "some violations of constitutional rights are so obvious that a materially similar case would be unnecessary." *Id.* at 651 (quoting *Binay v. Bettendorf*, 601 F.3d 640, 646–47 (6th Cir. 2010)). The facts alleged in this case make out a violation of the right of access to the courts. Access to the courts is a constitutional right that the Sixth Circuit has clearly established. *Flagg*, 715 F.3d at 173. In conclusion, this Court finds that there is a genuine issue of material fact regarding First Amendment retaliation that would survive a qualified immunity defense.

However, Plaintiff's complaint fails to allege First Amendment retaliation as a theory of recovery. The Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Sixth Circuit has held that "the Rules require . . . a short and

plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is . . . ." *Carter v. Ford Motor Co.*, 561 F.3d 562, 566 (6th Cir. 2009) (quoting *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001)).

Here, Plaintiff does not have any statement in his complaint alleging First Amendment retaliation as a theory of recovery. Paragraph 23 of Plaintiff's complaint alleges that Defendants discriminated against him because of his race and/or in retaliation for his prior complaint against Bay City. Dkt. No. 1, pg. 5–6 (Pg. ID 5–6). However, this paragraph is in Plaintiff's recitation of the facts and only mentions retaliation generally—it does not state a specific theory of recovery. Paragraph 28 of Plaintiff's complaint generally alleges that Defendants discriminated against him for retaliatory reasons. *Id.* at pg. 7 (Pg. ID 7). However, paragraphs 29 and 30 then elaborate on the claims alleged in paragraph 28. Plaintiff alleges "[t]hat specifically . . . Plaintiff was targeted and treated differently and more harshly as a result of his earlier lawsuit . . . ." *Id.* This statement sounds like an Equal Protection claim under a class-of-one theory, and not a First Amendment retaliation claim. Plaintiff does not mention retaliation elsewhere in his complaint; count II of Plaintiff's complaint only references race. *See id.* at pg. 9–11 (Pg. ID 9–11). Plaintiff's complaint is therefore not an adequate statement of a First Amendment retaliation claim such that Defendants would have

6

notice of the claim. The first time that Plaintiff asserts the First Amendment retaliation claim is in his summary judgment response. Dkt. No. 26, pg. 22 (Pg. ID 524).

In conclusion, this Court holds that Plaintiff cannot succeed on a theory of First Amendment retaliation because this theory did not appear in his complaint. Therefore, this Court will grant Defendant's Motion for Reconsideration because Plaintiff's Equal Protection claim under a class-of-one theory fails. The Court will dismiss this action without prejudice so that the Plaintiff may re-file his claim with a First Amendment retaliation theory within the three-year statute of limitations. *See Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997) (holding that "the proper limitations period for a § 1983 action is the limitations period for personal injury actions in the state in which the § 1983 claim arises."); *see also Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (holding "the appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims.").

### IV. CONCLUSION

The Court's interpretation of the class-of-one test was a palpable defect. The correction of that defect results in a different outcome of the case. The Court will therefore grant Defendant's Motion for Reconsideration. Plaintiff's class-of-one Equal Protection theory was the only claim that survived Defendants' Motion for

7

Summary Judgment in this Court's November 1, 2017 Opinion and Order. Accordingly, the Court will grant Defendants' Motion for Summary Judgment in its entirety. This Court will dismiss this action without prejudice so that Plaintiff may re-file with his First Amendment retaliation theory.

SO ORDERED.

Dated: February 6, 2018

<u>s/Gershwin A. Drain</u>
HON. GERSHWIN A. DRAIN
United States District Court Judge